UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| SHELVIE GENE MCDOLE, | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| *vs.* | ) | 2:11-cv-00232-JMS-WGH |
| | ) | |
| INDIANA DEPARTMENT OF CORRECTION, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

## ORDER

Presently before the Court is the motion to dismiss filed by three of the six Defendants in this action:  the Indiana Department of Correction ("IDOC"); Edwin G. Buss, its Commissioner; and Julie Stout, who is the Superintendant of the Rockville Correctional Facility ("Rockville"). [Dkt. 19.]  Collectively, the Court will refer to these three Defendants as the "State Defendants."

## I.
### BACKGROUND

Plaintiff Shelvie Gene McDole's Complaint[1] arises out of the amputation of her leg while incarcerated at Rockville, following a severe injury to her ankle that became exacerbated when she was forced to walk on it for several months.  [Dkt. 1 ¶¶4, 18, 20, 23-24.]   Further, she says, the amputation was performed against her consent and was not medically necessary.  [*Id.* ¶¶ 23-24.]  Her Complaint alleges a § 1983 violation of Fifth Amendment Due Process, a § 1983 violation of the Eighth Amendment for deliberate indifference, and state-law negligence.  [*See id.* at 8-9.]

With respect to the three State Defendants, her Complaint says that the IDOC is liable because the IDOC was "legally responsible for the operation of [Rockville]."  [*Id.* ¶5.]  Commis-

---

[1] Although Ms. McDole's Response mentions an "Amended Complaint," [*see* dkt. 26 at 1 n.1], the docket shows no Amended Complaint has actually been filed.

sioner Buss is sued in his individual capacity as the person with "the authority, under State law and municipal practice, to formulate and oversee policies, practices and customs of the [IDOC], as well as for the hiring, screening, training, supervision and discipline of correctional officers of the department, and was legally responsible for the operation of [Rockville]." [*Id.* ¶6.]  The Complaint makes the same allegations against Superintendant Stout, again individually, as against Mr. Buss, with the exception of omitting mention of any state-wide responsibilities. [*Id.* ¶7.]

## II.
### STANDARD OF REVIEW

In reviewing Ms. McDole's Complaint, the Court accepts as true its non-conclusory allegations and draws all reasonable inferences therefrom in her favor as the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  For those Counts in Ms. Shelvie's Complaint that contain properly pleaded allegations that, even if true, "fail[] to state a claim upon which relief can be granted," the Court must dismiss them. Fed. R. Civ. Pro. 12(b)(6).  If the Counts fail to come within the Court's subject-matter jurisdiction, the Court must also dismiss them, albeit without prejudice. Fed. R. Civ. Pro. 12(b)(1); *T.W. v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997) ("[W]hen a suit is dismissed for want of subject-matter jurisdiction, that is, because the court has no power to resolve the case on the merits even if the parties are content to have it do so, it is error to make the dismissal with prejudice.").

## III.
### DISCUSSION

The IDOC argues that, under the Eleventh Amendment, the Court should dismiss the claims against it for lack of subject-matter jurisdiction.  Alternatively, it argues that the Court

should dismiss the Complaint as to it for failure to state a claim.  Commissioner Buss and Superintendant Stout only raise the latter ground as a basis to dismiss the claims against them.

Because jurisdictional inquiries must always precede a substantive one, *Rodas v. Seidlin*, 656 F.3d 610, 615 (7th Cir. 2011) (citation omitted), the Court begins there.

### A.  Jurisdictional Challenge

The Eleventh Amendment deprives federal courts of jurisdiction over suits for damages against non-consenting states arising under state law or federal legislation based on Article I powers.  *See Calderon v. Ashmus*, 523 U.S. 740, 745 (1998) ("[T]he Eleventh Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power, and therefore can be raised at any stage of the proceedings…."  (citations omitted)); *Seminole Tribe v. Fla.*, 517 U.S. 44, 72-73 (1996) ("The Eleventh Amendment restricts the judicial power under Article III, and Article I cannot be used to circumvent the constitutional limitations placed upon federal jurisdiction."); *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976) ("[T]he Eleventh Amendment, and the principle of state sovereignty which it embodies, *see Hans v. Louisiana*, 134 U.S. 1 (1890), are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment.").

To the extent that the IDOC—an arm of the State of Indiana, *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001)—seeks to invoke the Eleventh Amendment with respect to Ms. McDole's § 1983 claims, its argument is misplaced.  "Congress enacted § 1983 pursuant to its power under Section 5 of the Fourteenth Amendment to enforce substantive provisions of the Amendment."  *Zehner v. Trigg*, 133 F.3d 459, 462 (7th Cir. 1997) (citation omitted).  Thus, the Court has the jurisdictional power to decide whether Ms. McDole has stated a claim against the IDOC under § 1983.  *See Wynn*, 251 F.3d at 594 (affirming dismissal of § 1983 claim against the IDOC for failure to state a claim, rather than for lack of subject-matter jurisdiction).

By invoking the Eleventh Amendment, the IDOC has, however, precluded the Court

from exercising supplemental jurisdiction over the state-law claim for negligence against it.  "[28

U.S.C.] § 1367(a)'s grant of [supplemental] jurisdiction does not extend to claims against

nonconsenting state defendants."  *Raygor v. Regents of the Univ. of Minn.*, 534 U.S. 533, 542

(2002).  Indeed, Ms. McDole has been unable to articulate any argument as to how the Court has

jurisdiction to proceed on the claim.  [*See* dkt. 26 at 6.]

Accordingly Count III will, as to the IDOC, be dismissed without prejudice under Federal

Rule of Civil Procedure 12(b)(1), for lack of subject-matter jurisdiction.

### B.  Failure to State a Claim

#### 1.  § 1983 Claims (Counts I and II as to all the State Defendants)

42 U.S.C. § 1983 creates a cause of action for constitutional violations by any "person"

acting "under color of any statute, ordinance, regulation, custom, or usage, of any State."  42

U.S.C. § 1983.  The statute requires "personal involvement" by the defendant in the alleged con-

stitutional violation, although not necessarily "direct participation."  *Palmer v. Marion County*,

327 F.3d 588, 594 (7th Cir. 2003).  Mere negligent supervision of subordinates is not enough.

*Id.* (citation omitted).  *See also Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) ("A

defendant will be deemed to have sufficient personal responsibility if he directed the conduct

causing the constitutional violation, or if it occurred with his knowledge or consent…. Thus, a

supervisor may be liable for 'deliberate, reckless indifference' to the misconduct of subordi-

nates."  (citations and quotations omitted)).

The IDOC has correctly identified Supreme Court precedent holding that "neither a State

nor its officials acting in their official capacities are 'persons' under § 1983," *Will v. Mich. Dep't

of State Police*, 491 U.S. 58, 71 (1989).  While Ms. McDole argues that the line of cases begin-

ning with *Monell v. Department of Social Services*, 436 U.S. 658 (1978) allows § 1983 claims when governmental policies lead to constitutional deprivations, [*see* dkt. 26 at 5-6], *Monell* by its terms is limited to "municipal bodies," 436 U.S. at 701.  They lack the sovereign immunity that the states themselves have under our Constitution.  States and state entities are excluded as "persons" under § 1983 in deference to such sovereignty.  *Id.* at 691 n.54.  Because the IDOC is an arm of the State of Indiana, not a municipal body, it is not within the scope of *Monell*.  Accordingly, the IDOC is not a "person" for the purposes of § 1983.  Ms. McDole's Counts I and II fail as to the IDOC for that reason

As for Commissioner Buss and Superintendent Stout, they are correct that Ms. McDole's Complaint lacks any allegations of their personal involvement in the alleged constitutional deprivation at issue, meaning that Counts I and II also fail to state a claim against them.   The only allegations that reference them implicate their ultimate supervisory responsibility over Rockville, with no indication of their personal knowledge of or their personal involvement in the medical care (or lack thereof) at issue here.  [*See* dkt. 1 ¶¶6-7.]   Absent the required allegations of personal involvement, dismissal is required.

Ms. McDole does attempt to avoid the effect of her lack of allegations of personal involvement by, again, invoking *Monell*.  [*See* dkt. 26 at 5.]  But *Monell* claims are not viable against prison officials for injuries to their prisoners; Ms McDole must have pleaded that the official acted or failed to act despite his or her subjective knowledge of a substantial risk of serious harm.  *Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (holding that deliberate indifference must be present).  *Monell* cannot, therefore, save Counts I and II here.

As an alternative basis for dismissing Count I as to the State Defendants, the Court finds that Count I fails to state a claim because the Fifth Amendment, by its terms, only applies to the

federal government.  U.S. Const. Amend V.  While the Fourteenth Amendment does have a Due Process Clause—indeed, that Clause is the vehicle by which the Eighth Amendment has been incorporated to the states, *see, e.g.*, *Robinson v. California*, 370 U.S. 660, 667 (1962)—Ms. McDole made no claim in her Response that she actually meant to point to the Fourteenth Amendment.  [*See* dkt. 26.]  Indeed, she never addressed her purported Fifth Amendment claim at all.  [*See id.*]  The Court interprets her silence as an acknowledgement of the merits of the Defendants' arguments.

In summary, the Court will dismiss Counts I and II against the State Defendants.

**2. State-Law Negligence (Count III only as to Commissioner Buss and Superintendent Stout).**

As indicated above, Commissioner Buss and Superintendent Stout stand accused in Count III for having "failed to exercise ordinary or reasonable care under the circumstances," which ultimately led to Ms. McDole's amputation.  [Dkt. 1 ¶41.]  They argue that, as employees of the State of Indiana, they are generally immune from individual liability for torts committed "within the scope" of their employment, pursuant to Indiana's Tort Claims Act.  Ind. Code § 34-13-3-5(b).  And because the Complaint charges that "[a]t all times mentioned herein Defendants Buss…[and] Stout…were acting under color of law…of the State of Indiana"), [dkt. 1 ¶11], the Complaint has specifically pleaded that their actions and omissions occurred during the course and scope of their employment.

Ms. McDole argues in her response that she has sufficiently pleaded a plausible claim for negligence in Count III against them, [*see* dkt. 26 at 6-7].  But she does not deny that she is suing Commissioner Buss and Superintendant Stout for actions and omissions arising out of their employment.  Nor does she deny that, as such, any claim of negligence lies, if at all, only against the

State of Indiana under the Tort Claims Act.  Yet she presents no argument that Count III falls within any exceptions to the Indiana Tort Claims Act's bar against personal liability.  [*See id.*]

Her Response's Statement of Facts does, however, end by accusing the Defendants of "willful and wanton" conduct, [*id.* at 3], a phrase that actually appears nowhere in the Complaint, [*see* dkt. 1].  While a willful and wanton tort is exempt from the bar against personal liability, Ind. Code § 34-13-3-5(c)(4), Ms. McDole's failure to argue in the body of her Response the applicability of the exception constitutes a forfeiture of that argument.  *See, e.g.*, *Int'l Ass'n. of Bridge, Structural & Ornamental Iron Workers Union No. 63 v. Glaziers, Architectural Metal & Glass Workers Local Union No. 27*, 40 F. Supp. 2d 997, 1004 (N.D. Ill. 1999) ("[T]he court will not scour the record and attempt to decipher what Iron Workers' factual and legal arguments on this issue might be.").  Forfeiture notwithstanding, the Court finds no plausible allegations as to these two Defendants, for the purposes of *Twombly*, that would rise to the high level that Indiana requires for willful and wanton conduct.  *See Portside Energy Corp. v. N. Ind. Commuter Transp. Dist.*, 913 N.E.2d 221, 230-31 (Ind. Ct. App. 2009) ("[W]illful and wanton misconduct has two elements:  1) the defendant must have knowledge of an impending danger or consciousness of a course of misconduct  calculated to result in probable injury; and 2) the actor's conduct must have exhibited an indifference to the consequences of his own conduct."  (quotation omitted)).

Absent allegations and argument sufficient to avoid the bar against personal liability that Indiana's Tort Claims Act provides, the Court finds that Ms. McDole has failed to state a claim in Count III against Commissioner Buss and Superintendent Stout.  The Court will, therefore, dismiss that Count as to them.

- 8 -

## IV.
### CONCLUSION

The State Defendants' Motion to Dismiss, [dkt. 19], is **GRANTED IN PART** and **DE-NIED IN PART**.  It is **GRANTED** to the extent that Counts I and II as to the State Defendants are dismissed for failure to state a claim; Count III is dismissed as to the IDOC for lack of sub-ject-matter jurisdiction; and Count III as to Commissioner Buss and Superintendent Stout is dis-missed for failure to state a claim.

Ms. McDole had the option under Rule 15 of the Federal Rules of Civil Procedure to amend her complaint as a matter of right in response to the State Defendants' Motion to Dismiss. She chose not to, and should she seek to amend now she must either obtain agreement of the State Defendants or leave of Court.  She has 21 days to obtain agreement or file a motion to amend.  Should a motion be filed, briefing will occur in accordance with Local Rule 7.1.  If no motion is filed, the Court will enter judgment as "there [would be] no just reason for delay," Fed. R. Civ. Pro. 54(b), as to the claims resolved by this Order.

01/17/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

James F. Bleeke
 BLEEKE DILLON CRANDALL PC
jim@bleekedilloncrandall.com

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

- 9 -

Don R. Hostetler
OFFICE OF THE ATTORNEY GENERAL
donald.hostetler@atg.in.gov

Betsy M. Isenberg
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Peter H. Rosenthal
LAW OFFICE OF PETER H. ROSENTHAL
atyrosenthal@aol.com