# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHELVIE GENE McDOLE,           )<br>                                                             )<br>                            Plaintiff,   )<br>                                                             )<br>            vs.                                      )<br>                                                             )   No. 2:11-cv-00232-JMS-WGH<br>VANCE RAHAM M.D.,                  )<br>GEORGEANNE PINKSTON,       )<br>CORIZON, INC. Corporate Parent )<br>CORRECTIONAL MEDICAL        )<br>SERVICES  OF DELAWARE, INC.; )<br>F/K/A Correctional Medical Services, )<br>                                                             )<br>                            Defendants.  )   | |

**Entry Discussing Motion for Summary Judgment**

For the reasons explained in this Entry, the defendants have met their burden under Rule 56(a) and their motion for summary judgment [31] must therefore be **granted**.

## I. Background

Shelvie McDole was confined for a period of time at the Rockville Correctional Facility ("Rockville"). Rockville is a prison operated by the Indiana Department of Correction ("DOC"). The DOC contracts with Corizon, Inc., (f/k/a Correctional Medical Services, Inc.) to provide certain medical services to inmates in its custody.

McDole claims in this action that while she was confined at Rockville she was denied constitutionally adequate medical care and that Corizon, Inc., together with its employees Dr. Vance Raham and Georgeanne Pinkson, are responsible for this infringement of her rights. She seeks damages. Claims against other defendants were resolved through the amended partial final judgment issued on February 17, 2012, and thus the term "defendants" refers only to the defendants mentioned by name in this paragraph. As noted, the defendants seek resolution of this claim through the entry of summary judgment.

## II. Legal Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007).

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996).

The substantive law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust her available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007).

## III. Discussion

### A. Undisputed Material Facts

To survive summary judgment, the nonmoving party must establish some genuine issue for trial such that a reasonable jury could return a verdict in his favor. *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). By failing to respond to the motion for summary judgment, McDole has conceded the defendants' version of the events. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

Consistent with the foregoing, the following statement of facts was evaluated pursuant to the standards set forth above. That is, this statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to McDole as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

McDole was incarcerated at Rockville from August 14, 2009 to February 16, 2011. During this time, there was an inmate grievance procedure that gave inmates the right to seek relief with respect to their treatment and the conditions of their confinement. The grievance procedure at Rockville is a two-step process, consisting of the filing of a grievance and an appeal. The offender is also required to attempt to informally resolve her dispute prior to filing a grievance. A grievance must be filed within twenty (20) working days of the alleged incident.

McDole alleges that the defendants denied her medical care and surgery beginning in September 2009 and thereafter. An inmate's medical care is within the scope of treatment as to which a grievance could have been filed at the time McDole was confined at Rockville.

McDole did not file any grievances while at Rockville regarding medical care or any other issue.

Although there was an administrative remedy process available to her at Rockville, McDole did not utilize that procedure relative to her claim in this case.

### B. Analysis

Exhaustion of available administrative remedies is required before a prisoner may bring a lawsuit in federal court. The undisputed evidentiary record shows that there was a grievance procedure available to McDole at Rockville and that McDole did not properly utilize that procedure in any way or any part of it.

### IV. Conclusion

The consequence of McDole's failure to properly exhaust available administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action should not have been brought against the defendants and must now be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice.").

The motion for summary judgment [31] is **granted**, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

**Date:** 09/06/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**All Electronically Registered Counsel**